In the Matter of JOHN T. COLL et al., Petitioners, against ELL-WOOD INN, INC., et al., Respondents.

Supreme Court, Special Term, Erie County, March 2, 1949.

*Clyde M. Williams* for petitioners.

*Alvin McK. Sylvester* and *John H. Dittman* for State Liquor Authority, respondent.

*Karl Goldman* and *Adrian Block* for Ellwood Inn, Inc., respondent.

VANDERMEULEN, J. The petitioners seek a review of the determination of the State Liquor Authority in granting a commitment (as petitioner terms it) to the effect that a license will be granted to Ellwood Inn, Inc. for the sale and consumption of liquor on premises known as 850 Englewood Avenue, township of Tonawanda, New York, to the end that this court may render a final order annulling and setting aside such commitment and ordering said authority to grant a hearing, at which petitioners and others may present their objections to the issuance of the license. It was stipulated by all parties that the members of the State Liquor Authority of the State of New York are parties to this proceeding.

The procedure to be followed by the authority upon receipt of an application with the recommendation or recommendations of the local board is clearly set forth in section 54 of the Alcoholic Beverage Control Law. That section says in part: " If the local board is not unanimous in its recommendation as to such application, each member of such board shall endorse thereon his approval or disapproval of such application, as the case may be, together with his reasons therefor and shall notify the applicant of such action. Such applicant may thereupon apply to the liquor authority for a review of such action by the local board in a manner to be prescribed by the rules of the liquor

authority. A hearing upon notice to the local board and to the applicant shall thereupon be held by the liquor authority ''. (Subd. 3.)

In considering the application of Ellwood Inn, Inc., one member of the commissioners of the State Liquor Authority recommended approval, the other, disapproval. On March 12, 1948, the local board forwarded the application to the State Liquor Authority. Thereafter, on December 16, 1948, on request of the applicant and pursuant to the provisions of section 54 of the Alcoholic Beverage Control Law, a hearing was had before the authority upon such application.

The State Liquor Authority is authorized by statute to promulgate rules. Rule 1 of the Rules of the State Liquor Authority on Application Hearings provides: '' Any person who would be aggrieved by the determination of the Authority may appear and be heard in person, or by duly appointed representative and may submit affidavits or produce under oath evidence relative and material to the review of the action by the local board. The applicant must appear in person on the date set forth in the notice of hearing and on all adjourned dates.'' '' Person '', in my judgment, refers to an applicant.

The language of the statute is clear and unequivocal. Notice is required only to the local board and the applicant. Certain safeguards have been established by the statute to protect churches and schools, in the requirement that no license be granted for any premises located on the same street or avenue within 200 feet of a school, church, synagogue or other place of worship, but there is nothing in the statute which requires notice to be given to persons in the status of these petitioners. It might be a good idea for the law to provide for such a notice, but, until the statute is amended to provide for this, this court is powerless to act.

The attorney for the petitioner, in his brief, quotes from subdivision 3 of section 54 of the Alcoholic Beverage Control Law but only in part and reference is hereby made to the entire section.

According to the statement of counsel for the State Liquor Authority, the applicant was advised on or about December 23, 1948, that the plan submitted by him met the statutory requirements and that the notice advised the applicant that when the building was completed in accordance with the plans submitted and when it was open and operating as a bona fide restaurant, the application would be approved unless, in the interim,

facts were disclosed which would warrant disapproval of the application. Although no copy of this action has been presented to me, I assume the attorney for the State Liquor Authority has correctly stated the facts.

The attorney for the petitioners calls this action of the State Liquor Authority a commitment and argues the board was without legal authority to grant such commitment. To my mind, this procedure is a practical, sensible method of handling applications; that it is not a commitment is emphasized by the words; " unless, in the interim, facts are disclosed which would warrant disapproval of the application."

At the present writing, there is nothing for the court to review or annul. No determination has been made by the Alcoholic Beverage Control Board as to whether or not a license will be granted. If the board sees fit, it can in its discretion give these petitioners an opportunity to be heard, since the license has not as yet been granted, but this court has no authority to compel them to do so.

The motion to dismiss the petition is granted.